# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL A. BLACKMON,**
        Petitioner,

    v.                                            Case No. 11-C-0427

**JAMES R. SCHWOCHERT, Warden,**
**Dodge Correctional Institution,**
        Respondents.

## DECISION AND ORDER

Michael A. Blackmon has filed this habeas petition pursuant to 28 U.S.C. § 2254, challenging a state-court judgment of conviction entered on February 1, 1996. As grounds for habeas relief, petitioner alleges that he has recently learned of facts that should have resulted in the trial judge who presided over his state-court trial recusing himself.

Before I may proceed with this case further, however, I must be satisfied that I have subject matter jurisdiction. When Blackmon filed his present petition, the Clerk of Court notified me that Blackmon had filed several other cases in this court, one of which was a prior petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Blackmon v. Bertrand, E.D. Wis. Case No. 00-C-1040 (filed July 27, 2000). That habeas petition involved the same judgment of conviction as the present petition and was adjudicated on the merits and denied December 30, 2003. Thus, the present petition is a "second or successive habeas corpus application under section 2254" within the meaning of 28 U.S.C. § 2244(b). Under § 2244(b)(3)(A) and the cases interpreting it, a district court lacks jurisdiction to entertain a second or successive habeas petition unless the court of appeals has first approved its filing. See Pavlovsky v. VanNatta, 431 F.3d 1063, 1064

(7th Cir. 2005). Because Blackmon has not obtained such approval from the court of appeals, I lack jurisdiction to consider the present petition and will dismiss it for lack of subject matter jurisdiction. Should petitioner wish to pursue this matter further, he must make a request to file a second or successive application for habeas relief with the United States Court of Appeals for the Seventh Circuit pursuant to Circuit Rule 22.2.

For the reasons stated, **IT IS ORDERED** that this case is dismissed for lack of subject matter jurisdiction. The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2011.

/s_____
LYNN ADELMAN
District Judge